On May 2, 1995, the Stark County Grand Jury indicted appellant, Charles Beasley, on one count of rape in violation of R.C. 2907.02 and two counts of gross sexual imposition in violation of R.C. 2907.05. The rape count was subsequently amended to one count of sexual battery in violation of R.C.2907.03. Said charges arose from incidents involving two girls while under his care, both under the age of thirteen.
On July 20, 1995, appellant pled guilty as charged. By judgment entry filed July 31, 1995, the trial court sentenced appellant to a total term of four years in prison.
On October 29, 1997, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed October 31, 1997, the trial court classified appellant as a "sexual predator."
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED WHEN FAILING TO FIND THAT OHIO'S SEX OFFENDER REGISTRATION ACT IS IN VIOLATION OF THE EX POST FACTO LAW AS PROVIDED IN THE UNITED STATES CONSTITUTION.
II
 THE TRIAL COURT ERRED WHEN FAILING TO FIND OHIO'S SEX OFFENDER REGISTRATION ACT TO BE IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION.
III
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE OHIO'S SEX OFFENDER REGISTRATION ACT IS UNCONSTITUTIONALLY VAGUE.
IV
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT A RECORD OF CLEAR CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III
This court has previously reviewed these arguments inState v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair
(February 1, 1999), Stark App. No. 1997CA00232, unreported, andState v. Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
Assignments of Error I, II and III are denied.
 IV
Appellant argues the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limtied to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In its judgment entry of October 31, 1997, the trial court did consider the above factors. The trial court noted this involved two victims, both under the age of thirteen. The trial court also noted appellant's continuing course of conduct. The bill of particulars filed June 9, 1995 indicates on May 5, 1993, appellant engaged in cunnilingus with one of the victims. On December 7, 1994, appellant fondled the breasts and vaginal area of this same victim. As to the second victim, appellant engaged in a continuing course of conduct from January 1, 1993 to December 16, 1994 whereby appellant fondled her breasts, vaginal area and buttocks. The trial court found at one point in time, appellant "indicated to her that when she became older that he would have other sexual acitivity with her." The trial court noted because appellant was a caregiver to the victims, he was "involved in a position of trust with the victims and he used this trust to molest them for his own personal sexual gratification." The trial court found appellant's conduct "shows a demonstrated pattern of abuse." Based upon the above factors, the trial court concluded appellant should be classified as a "sexual predator" as defined in R.C.2950.01(E).
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Gwin, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas of Stark County, Ohio is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.